## ALLEN F. WEBB v. SEYMOUR WHITE.

Where an attorney at law had control of four several executions in favor of different clients, against the same defendant, who was insolvent, three of which executions, including this plaintiff's, were levied on 9615 pounds of cotton, and the fourth was not so levied, being then only ordered out, and not yet in the Sheriff's hands; and the said attorney took said cotton by consent of the defendant in the executions, at two dollars per hundred, and caused this plaintiff's execution to be returned satisfied; it was held that the attorney had a right to apply the proceeds of the cotton to the four executions *pro rata*, and that he was not liable to pay the plaintiff the small amount which his *pro rata* fell short of the amount of his execution.

Quere, whether the District Court has jurisdiction of a motion against an attorney for failing to pay over money (less than $100) collected for his client on execution from a Justice's Court.

Appeal from Tyler. Tried below before the Hon. James M. Maxey.

Motion by appellant against appellee, an attorney at law, for failing to pay over money collected by him for the plaintiff, on an execution from a Justice's Court, in favor of plaintiff, against one A. J. D. Sapp. The motion alleged a levy on 10,000 pounds of cotton, and that the defendant White agreed to take the cotton in full discharge of the debt, and caused the execution to be returned satisfied; the amount of the judgment was alleged to be $33 19 and costs of suits; demand and refusal to pay over; judgment prayed for amount, interest, and twenty per cent damages, and that defendant be struck off the roll of attorneys.

The defendant brought into Court $30; claimed ten per cent. for his services, and alleged facts afterwards proved.

Webb  v.  White.

The case was submitted to the Judge without a jury, on the following evidence:

It is admitted that all the allegations in plaintiff's petition and amended petition are proven, as stated in the same, and it is further in proof that said White had the control, as attorney at law, of four several executions, three of which were levied on said cotton, to-wit: one in favor of said plaintiff for the sum of thirty-three dollars, nineteen cents; another in favor of John S. Keaghey & Co., for the sum of $55 74; and another for the sum of $58 98, in favor of Thomas T. Henington; and the fourth in favor of W. A. Ferguson, for the sum of $99 82, which was not levied on said cotton, but had only been ordered out by said attorney and was not in the Sheriff's hands when the first three executions were levied, and when issued was levied on a negro, supposed to be the property of Sapp; which levy remained until this Term of this Court; that the cotton levied on was 9615 lbs., taken by said attorney at $10 per hundred; that said Sapp was in failing or insolvent circumstances; that when the demand was made White said he would pay, *pro rata*, on the four executions and no more, but did not show any money; which amount was refused by the plaintiff.

Judgment for plaintiff for $25 62 of the money paid into Court; that defendant have leave to withdraw the balance; and that plaintiff pay the costs.

*Hicks & Neyland*, for appellant, referred to Wilkenson v. Halloway, 7 Leigh R. 277; 4 Cow. R. 717; 10 Paige R. 126.

WHEELER, J.   The judgment was in accordance with the manifest justice of the case: and we are of opinion that it was also in accordance with the law.   It is not pretended that the attorney did not do the very best that could be done for all the parties interested in the several executions.   Having con-

trol of the executions as agent of the parties, he had a right, under the circumstances, to apply the proceeds of the sale of the cotton to their satisfaction *pro rata*. The plaintiff ought to have received the money which was tendered him. His persisting to litigate for the difference between thirty and thirty-three dolars, was as frivolous and vexatious, as it was unfounded in justice. The appeal to this Court is as groundless as the litigation in the District Court; and we affirm the judgment, reserving however the expression of any opinion whether the District Court had jurisdiction of the proceeding for not paying over money collected upon an execution issued from a Justice's Court. The decision of that question either way would not materially affect the result in this case.

Judgment affirmed.